UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.:

Kristina Branham
and other similarly situated individuals,

     Plaintiff(s),

v.

Sage Middleburg Hospitality, LLC,
a/k/a Hampton Inn & Suites Middleburg,
and Gaurangkumar Patel, individually

     Defendants,

_____/

## <u>COLLECTIVE ACTION COMPLAINT</u>
(OPT-IN PURSUANT TO 29 USC § 216(b))

     Comes now the Plaintiff, Kristina Branham, and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendant Sage Middleburg Hospitality, LLC, a/k/a Hampton Inn & Suites Middleburg, and Gaurangkumar Patel, individually, and alleges:

<u>Jurisdiction Venues and Parties</u>

1. This is an action to recover money damages for unpaid overtime wages and retaliation under the United States laws. Accordingly, this Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 USC § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff Kristina Branham is a resident of Clay County, Florida, within the jurisdiction of this Court. Plaintiff is a covered employee for purposes of the Act.

3. Defendant Middleburg Hospitality, LLC, a/k/a Hampton Inn & Suites Middleburg (from now on, Hampton Inn Middleburg or Defendant) is a Florida Corporation, having a business in Clay County, Florida, where Plaintiff worked for Defendant.

4. Individual Gaurangkumar Patel is the owner/partner/officer and manager of Defendant Corporation Hampton Inn Middleburg. This individual Defendant is the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. All the actions raised in this complaint took place in Clay County, Florida, within this Court's jurisdiction.

<u>General Allegations</u>

6. This cause of action is brought by Plaintiff Kristina Branham as a collective action to recover from Defendants overtime compensation, retaliatory damages, liquidated damages, costs, and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and

former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after July 2021, (the "material time") without being adequately compensated.

7. Defendant Hampton Inn Middleburg is a Florida business that provides hospitality services. Defendant operates the Hampton Inn & Suites by Hilton in Middleburg. The hotel is located at 1735 Jeremiah St, Middleburg, Florida 32068, where Plaintiff and other similarly situated individuals worked.

8. Defendants Hampton Inn Middleburg and Gaurangkumar Patel employed Plaintiff Kristina Branham from approximately July 21, 2021, to January 24, 2022, or 27 weeks.

9. Plaintiff was hired as a non-exempted, full-time, hourly front desk employee. Plaintiff was paid a salary of $865.39 weekly. Occasionally, Plaintiff also received commissions or production bonuses that should be prorated and included in her regular rate.

10. Within her relevant employment period with Defendant, Plaintiff was misclassified as a "Front Desk Manager" and "Director of Sales." However, Plaintiff was just a front desk employee. Plaintiff performed regular front desk work such as greeting and checking in and out guests, managing online and phone reservations, customer services, selling and booking

accommodations and additional hotel services, coordinating housekeeping work, and cleaning rooms when necessary.

11. Plaintiff's primary duty was to receive guests and prepare rooms and facilities for guests.

12. More than 85% of Plaintiff's duties were non-exempted, repetitive reception work, and the remaining 15% consisted of logistic and clerical work. Plaintiff did not have the authority to affect the employment conditions of other employees. Plaintiff just followed instructions from her managers.

13. Plaintiff worked under the supervision of Manager  Courtney Wahl, Regional Sales Manager Kim Evans, and the business owner Gaurangkumar Patel.

14. While performing her numerous responsibilities, Plaintiff never exercised discretion and independent judgment concerning any matter, and she did not qualify to be considered an overtime-exempt employee. Therefore, Plaintiff was entitled to receive overtime pay.

15. During her relevant employment period with Defendant, Plaintiff had a regular schedule, and she worked as follows:

16. Plaintiff worked five days per week from Monday to Friday, from  8:00 AM to 6:30 PM (10.5 hours daily, or 52.5 weekly). Plaintiff was not able to take bonafide lunch periods.

17. Twice per week, Plaintiff worked a double shift of 8 hours each, or 16 additional hours weekly.

18. Thus, Plaintiff worked regularly and consistently 68.5 hours weekly.

19. Moreover, twice per month, Plaintiff worked 6 days per week. On weekends Plaintiff worked a shift of 8 hours each.

20. Consequently, within her 27 weeks of employment, Plaintiff worked 13.5 weeks with 68.5 working hours and 13.5 weeks with 76.5 working hours.

21. Plaintiff worked more than 40 hours every week, and she was paid the same salary ($865.39) weekly, regardless of the number of hours worked, but she was not paid for overtime hours, as required by law.

22. Plaintiff did not clock in and out, but she worked under the close supervision of managerial staff. Defendants were in complete control of Plaintiff's schedule, and they were able to keep track of the time worked by Plaintiff and other similarly situated individuals.

23. Therefore, Defendant willfully failed to pay Plaintiff for all her overtime hours at the rate of time and one-half her regular rate for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

24. Plaintiff was paid bi-weekly with checks and paystubs that did not show the real number of days and hours worked. Plaintiff did not have access to check the number of hours worked weekly.

25. On or about December 20, 2021, Plaintiff was expecting to receive a commission for her sales of group rooms. The check was supposed to be for $1,000.00, but the business owner Gaurangkumar Patel called Plaintiff and ordered her to share the 50% with Regional Sales Manager Kim Evans. Plaintiff protested and complained to Gaurangkumar Patel about the unfair situation. Plaintiff complained about the excessive number of hours worked every week without receiving overtime compensation. Plaintiff requested Gaurangkumar Patel to be paid for overtime hours.

26. On the same date, Plaintiff also complained to Regional Sales Manager Kim Evans about the same issues.

27. As a result of Plaintiff's complaint, on or about January 24, 2022, General Manager Courtney Wahl fired Plaintiff. The General Manager informed Plaintiff that Defendants did not require Plaintiff's services anymore.

28. On or about January 24, 2022,  Plaintiff was fired due to her complaints about unpaid overtime hours.

29. Plaintiff is not in possession of time records, but she will provide a good faith estimate about her unpaid overtime hours.

30. Plaintiff Kristina Branham seeks to recover unpaid overtime wages for every hour worked over 40 during her entire employment, retaliatory damages, liquidated damages, and any other relief as allowable by law.

<u>Collective Action Allegations</u>

31. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

32. Plaintiff contends that Defendant, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper compensation for overtime hours at the rate of time and one-half their regular rate.

33. This action is intended to include every front desk employee, office clerk, and any similarly situated individuals who worked for Defendant at any time during the past three (3) years.

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**
**FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS**

34. Plaintiff Kristina Branham re-adopts every factual allegation stated in paragraphs 1-33 above, as if set out in full herein.

35. At all times material to this action, Defendant was and continue to be an enterprise engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant provides lodging

services to the general public and, through its business activity, affects interstate commerce. Defendant has more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using interstate commerce's instrumentalities to accept and solicit funds from non-Florida sources and by using electronic devices to authorize credit card transactions. At all times material to this action, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

36. Plaintiff was employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly situated worked as front desk employees. Through their daily activities, Plaintiff and those similarly situated on a regular basis performed credit card transactions. Plaintiff and other similarly situated, regularly, handled, or otherwise worked on goods and/or materials that had been produced for commerce and moved in interstate commerce at any time in business. Plaintiff's activities were directed to the operations of the facilities providing services in interstate commerce. Therefore, there is FLSA individual coverage.

37. Defendants Hampton Inn Middleburg and Gaurangkumar Patel employed Plaintiff Kristina Branham from approximately July 21, 2021, to January 24, 2022, or 27 weeks.

38. Plaintiff was hired as a non-exempted, full-time, hourly front desk employee. Plaintiff was paid a salary of $865.39 weekly. Occasionally, Plaintiff also received commissions or production bonuses that should be prorated and included in her regular rate.

39. Within her relevant employment period with Defendants, Plaintiff was misclassified as a "Front Desk Manager" and "Director of Sales." However, Plaintiff was just a front desk employee. Plaintiff performed regular front desk work such as greeting and checking in and out guests, managing online and phone reservations, customer services, selling and booking accommodations and additional hotel services, coordinating housekeeping work, and cleaning rooms when necessary.

40. Plaintiff's primary duty was the reception of guests and preparing rooms and facilities for the hotel's guests.

41. More than 85% of Plaintiff's duties were non-exempted, repetitive reception work, and the remaining 15% consisted of logistic and clerical work. Plaintiff did not have the authority to affect the employment conditions of other employees. Plaintiff just followed instructions from her managers.

42. Plaintiff worked under the supervision of Manager  Courtney Wahl, Regional Sales Manager Kim Evans, and the business owner Gaurangkumar Patel.

43. While performing her numerous responsibilities, Plaintiff never exercised discretion and independent judgment concerning any matter, and she did not qualify to be considered an overtime-exempted employee. Thus, Plaintiff was entitled to be paid for overtime hours.

44. During her relevant employment period with Defendants, Plaintiff had a regular schedule, and she worked as follows:

45. Plaintiff worked five days per week from Monday to Friday, from 8:00 AM to 6:30 PM (10.5 hours daily, or 52.5 weekly). Plaintiff was not able to take bonafide lunch periods.

46. Twice per week, Plaintiff worked a double shift of 8 hours each, or 16 additional hours weekly.

47. Thus, Plaintiff worked regularly and consistently 68.5 hours weekly.

48. Moreover, twice per month Plaintiff worked 6 days per week. On weekends Plaintiff worked a shift of 8 hours each.

49. Consequently, within her 27 weeks of employment, Plaintiff worked 13.5 weeks with 68.5 working hours and 13.5 weeks with 76.5 working hours.

50. Plaintiff worked more than 40 hours every week and she was paid the same salary ($865.39) weekly, regardless of the number of hours worked, but she was not paid for overtime hours, as required by law.

51. Plaintiff did not clock in and out, but she worked under the close supervision of managerial staff. Defendants were in complete control of Plaintiff's schedule, and they were able to keep track of the time worked by Plaintiff and other similarly situated individuals.

52. Therefore, Defendants willfully failed to pay Plaintiff for all her overtime hours at the rate of time and one-half her regular rate for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

53. Plaintiff was paid bi-weekly with checks and paystubs that did not show the real number of days and hours worked. Plaintiff did not have access to check the number of hours worked weekly.

54. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated, and the compensation paid to such employees should be in the possession and custody of Defendants. However, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees upon information and belief. Therefore, Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

55. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform

employees of their Federal rights to overtime and minimum wage payments. Accordingly, Defendants violated the Posting requirements of 29 USC § 516.4.

56. Plaintiff is not in possession of time records, but she will provide a good faith estimate about her unpaid overtime hours.

*Please note that this amount is based on a preliminary calculation. Commissions or production bonuses are not included in the regular rate. Therefore these figures could be subject to modification as discovery could dictate.

    a. <u>Total amount of alleged unpaid O/T wages</u>:

        Five Thousand Two Hundred Twenty Dollars and 59/100 ($5,220.59)

    b. <u>Calculation of such wages</u>:

        Total period of employment: 27 weeks
        Relevant weeks of employment:  27 weeks
        Salary paid:  $865.39

        <u>1.- Overtime for 13.5 weeks with 5 days/68.5 working hours</u>

        Relevant weeks of employment:  13.5 weeks
        Total number of hours worked: 68.5 hours
        Total unpaid O/T hours: 28.5 weekly
        Salary paid: $ $865.39 weekly: 68.5 hours=$12.63
        Regular rate paid: $12.63 x 1.5 an hour=$18.95-$12.63 rate paid=$6.32
        Half-time: $6.32 an hour

        Half-time $6.32 x 28.5 O/T hours=$180.12 wkly x 13.5 wks=$2,431.62

        <u>2.-  Overtime for 13.5 weeks with 6 days/76.5 working hours</u>

        Relevant weeks of employment:  13.5 weeks
        Total number of hours worked: 76.5 hours

Total unpaid O/T hours: 36.5 weekly
Salary paid: $ $865.39 weekly: 76.5 hours=$11.31
Regular rate paid: $11.31 x 1.5 an hour=$16.97-$11.31 rate paid=$5.66
Half-time: $5.66 an hour

Half-time $5.66 x 36.5 O/T hours=$206.59 wkly x 13.5 wks=$2,788.97

Total #1 and #2: $5,220.59

    c.  <u>Nature of wages (e.g., overtime or straight time):</u>

This amount represents unpaid overtime wages.

57. At all times, the Employers/Defendants failed to comply with Title 29 USC §207 (a) (1), in that Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, Defendants made no provision to properly pay them at the rate of time and one-half for all hours worked over forty hours (40) per workweek as provided in said Act.

58. At times mentioned, individual Defendant Gaurangkumar Patel was the owner/partner, and he directed operations of Hampton Inn Middleburg. Defendant Gaurangkumar Patel was the employer of Plaintiff and others similarly situated individuals within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interests of Hampton Inn Middleburg concerning its employees, including Plaintiff and others similarly situated. Defendant Gaurangkumar Patel had financial and operational control of the business,

provided Plaintiff with her work schedule, and he is jointly and severally liable for Plaintiff's damages.

59. Defendants Hampton Inn Middleburg and Gaurangkumar Patel knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's employment with Defendants, as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

60. Defendants Hampton Inn Middleburg and Gaurangkumar Patel willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one-half her regular rate, as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants.

61. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorney's fees.

<u>Prayer for Relief</u>

Wherefore, Plaintiff Kristina Branham  and those similarly situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff Kristina Branham and other similarly

situated individuals and against the Defendants Hampton Inn Middleburg and Gaurangkumar Patel based on Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq.; and

B. Award Plaintiff Kristina Branham  actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiff Kristina Branham demands trial by a jury of all issues triable as of right by a jury.

## **COUNT II:**
## **FEDERAL STATUTORY VIOLATION: RETALIATORY DISCHARGE; PURSUANT TO 29 USC 215(a)(3); AGAINST ALL DEFENDANTS**

62. Plaintiff Kristina Branham re-adopts every factual allegation as stated in paragraphs 1-33 of this complaint as if set out in full herein.

63. At all times material to this action, Defendant was and continue to be an enterprise engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of

the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant provides lodging services to the general public and, through its business activity, affects interstate commerce. Defendant has more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using interstate commerce's instrumentalities to accept and solicit funds from non-Florida sources and by using electronic devices to authorize credit card transactions. At all times material to this action, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

64. Plaintiff was employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly situated worked as front desk employees. Through their daily activities, Plaintiff and those similarly situated regularly performed credit card transactions. Plaintiff and other similarly situated, also handled, or otherwise worked on goods and/or materials that had been produced for commerce and moved in interstate commerce at any time in business. Plaintiff's activities were directed to the operations of the facilities providing services in interstate commerce. Therefore, there is FLSA individual coverage.

65. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

66. 29 USC § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

67. Likewise, 29 USC 215(a)(3) states… it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,……"

68. Defendants Hampton Inn Middleburg and Gaurangkumar Patel employed Plaintiff Kristina Branham from approximately July 21, 2021, to January 24, 2022, or 27 weeks.

69. Plaintiff was hired as a non-exempted, full-time, hourly front desk employee. Plaintiff was paid a salary of $865.39 weekly. Occasionally, Plaintiff also received commissions or production bonuses, that should be prorated and included in her regular rate.

70. Within her relevant employment period with Defendants, Plaintiff was misclassified as a "Front Desk Manager" and "Director of Sales." However, Plaintiff was just a front desk employee.

71. Plaintiff's primary duty was to receive guests and prepare rooms and facilities for the hotel's guests.

72. More than 85% of Plaintiff's duties were non-exempted, repetitive work, and the remaining 15% consisted of logistic and clerical work. Plaintiff did not have the authority to affect the employment conditions of other employees. Plaintiff just followed instructions from her managers.

73. While performing her numerous responsibilities, Plaintiff never exercised discretion and independent judgment concerning any matter, and she did not qualify to be considered an overtime-exempted employee. Thus, Plaintiff was entitled to be paid overtime hours.

74. However, during her time of employment with Defendants, Plaintiff worked many overtime hours that were not compensated as required by law.

75. Plaintiff had a regular schedule, and she worked as follows:

76. Plaintiff worked five days per week from Monday to Friday, from 8:00 AM to 6:30 PM (10.5 hours daily, or 52.5 weekly). Plaintiff was not able to take bonafide lunch periods.

77. Twice per week, Plaintiff worked a double shift of 8 hours each, or 16 additional hours weekly.

78. Thus, Plaintiff worked regularly and consistently 68.5 hours weekly.

79. Moreover, twice per month Plaintiff worked 6 days per week. On weekends Plaintiff worked a shift of 8 hours each.

80. Consequently, within her 27 weeks of employment, Plaintiff worked 13.5 weeks with 68.5 working hours and 13.5 weeks with 76.5 working hours.

81. Plaintiff worked more than 40 hours every week and she was paid the same salary ($865.39) weekly, regardless of the number of hours worked, but she was not paid for overtime hours, as required by law.

82. Plaintiff did not clock in and out, but she worked under the close supervision of managerial staff. Defendants were in complete control of Plaintiff's schedule, and they were able to keep track of the time worked by Plaintiff and other similarly situated individuals.

83. Therefore, Defendants willfully failed to pay Plaintiff for all her overtime hours at the rate of time and one-half her regular rate for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

84. On or about December 20, 2021, Plaintiff was expecting to receive commissions for her sales of group rooms. The check was supposed to be for $1,000.00, but the business owner Gaurangkumar Patel called Plaintiff and ordered her to share the 50% with Regional Sales Manager Kim Evans. Plaintiff protested and complained to Gaurangkumar Patel about the unfair

situation. Plaintiff also complained about the excessive number of hours worked every week without receiving overtime compensation. Plaintiff requested Gaurangkumar Patel to be paid for overtime hours.

85. On the same date, Plaintiff also complained to Regional Sales Manager Kim Evans about the same issues.

86. These complaints constituted protected activity under the FLSA.

87. However, as a direct result of Plaintiff's complaints, on or about January 24, 2022, General Manager Courtney Wahl fired Plaintiff. The General Manager informed Plaintiff that Defendants did not require Plaintiff's services anymore.

88. On or about January 24, 2022,  Plaintiff was fired due to her complaints about unpaid overtime hours.

89. At the time of her termination, Plaintiff was performing the essential functions of her position satisfactorily. There was no other reason than retaliation to fire her.

90. There is close proximity between Plaintiff's protected activity and her termination.

91. At times mentioned, individual Defendant Gaurangkumar Patel was the owner/partner, and he directed operations of Hampton Inn Middleburg. Defendant Gaurangkumar Patel was the employer of Plaintiff and others

similarly situated individuals within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interests of Hampton Inn Middleburg concerning its employees, including Plaintiff and others similarly situated. Defendant Gaurangkumar Patel had financial and operational control of the business, provided Plaintiff with her work schedule, and he is jointly and severally liable for Plaintiff's damages.

92. The motivating factor which caused Plaintiff's discharge as described above was her complaint seeking unpaid overtime wages from Defendants. In other words, Plaintiff would not have been discharged but for her complaints about unpaid overtime wages.

93. Defendants' termination of Plaintiff was in direct violation of 29 USC 215 (a)(3) and, as a direct result, Plaintiff has been damaged.

94. Plaintiff Kristina Branham has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorneys' fees.

<u>Prayer For Relief</u>

Wherefore, Plaintiff Kristina Branham  respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that the Defendants' acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants Hampton Inn Middleburg and Gaurangkumar Patel that Plaintiff Kristina Branham   recovers compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 USC § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendants Hampton Inn Middleburg and Gaurangkumar Patel to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff Kristina Branham further prays for such additional relief as the interests of justice may require.

<u>Demand for a Jury Trial</u>

Plaintiff Kristina Branham demands trial by a jury of all issues triable as of right by a jury.

Dated:  March 7, 2022

Respectfully submitted,

By:  **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone:       (305) 446-1500
Facsimile:       (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*