## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

KRISTINA BRANHAM,

    Plaintiff,

v.

SAGE MIDDLEBURG HOSPITALITY, LLC, a/k/a HAMPTON INN & SUITES MIDDLEBURG, and GAURANGKUMAR PATEL, individually,

    Defendants.

CIVIL ACTION NO.

3:22-CV-00250-BJD-JBT

### JOINT MOTION FOR APPROVAL OF FAIR LABOR STANDARDS ACT SETTLEMENT AND DISMISSAL WITH PREJUDICE

Plaintiff, Kristina Branham ("Branham"), and Defendants, Sage Middleburg Hospitality, LLC, d/b/a Hampton Inn & Suites Middleburg ("Sage Middleburg"), and Gaurangkumar Patel, individually, ("Patel") (Collectively "Defendants") (Plaintiff and Defendants are together referred to as the "Parties"), by and through their respective undersigned counsel, jointly move that the Court: 1) approve the terms of the FLSA settlement they have agreed to following negotiations; 2) dismiss this matter, with prejudice. In support of this motion, the Parties state as follows:

## PROCEDURAL BACKGROUND

1. On March 7, 2022, on behalf of herself and a group of others purportedly "similarly situated," Plaintiff filed a Complaint & Jury Demand against Defendants Sage Middleburg and Patel alleging they violated the Fair Labor Standards Act ("FLSA") by failing to pay her overtime and allegedly retaliated against her in violation of the FLSA. (ECF 1).

2. This Court entered a FLSA Case Management and Scheduling Order on March 11, 2022. (ECF 4).

3. On May 17, 2022, Plaintiff filed her First Amended Complaint ("FAC"), removing the class and collective allegations originally included in Plaintiff's Complaint and asserting claims for overtime compensation and retaliation against Sage Middleburg and Patel under the FLSA. (ECF 11).

4. On May 26, 2022, Defendants filed an Answer and Statement of Defenses to Plaintiff's FAC, denying all allegations of wrongdoing and asserting defenses. (ECF 15).

5. On June 13, 2022, after negotiation and exchange of some information, the Parties reached a negotiated settlement of Plaintiff's claims and have filed a Joint Report on Settlement. (ECF 16).

## FACTUAL BACKGROUND

Defendant Sage Middleburg operates the Hampton Inn & Suites, an 80-room hotel in Middleburg, Florida. Plaintiff was hired by Patel to work for the hotel as a Front Desk Manager/Sales Manager in this hotel. After suit was filed, counsel for the Parties began to discuss settlement in an effort to determine whether the Parties might resolve this matter early. The undersigned counsel spoke by telephone and communicated numerous times by email. Plaintiff's counsel detailed what he believed to be the merits of Plaintiff's claims, and Defendants articulated their defenses. In her Verified Interrogatory Answers, Plaintiff, employed from approximately July 21, 2021, through January 24, 2022, (approximately 26 weeks), claims she worked more than 40 hours per workweek during her employment with Sage Middleburg. (ECF 12).

Defendants maintain they do not owe overtime compensation to Plaintiff, as she was properly classified as an exempt employee in her position as Front Desk Manager/Sales Manager and contend Plaintiff's employment was terminated for legitimate, nonretaliatory business reasons. Further, Defendants maintain Plaintiff did not complain about violations of the FLSA during her employment with Sage Middleburg. Further, Defendants do not believe Patel can be individually liable for Plaintiff's claims. Because Plaintiff was classified as an exempt employee, Defendants was not required to and did

not maintain time records. Plaintiff has provided an estimate of the alleged overtime in her Answers to Court Interrogatories, but she has provided no additional documentation to support her estimate (i.e. schedules, notes, etc.) and has not provided a specific, week-by-week estimate of alleged overtime, and has not provided evidence or support for her assertion she was improperly classified as an exempt employee.

Although Defendants deny Plaintiff is entitled to overtime compensation or was subject to retaliation, and although the Parties have not engaged in discovery to determine issues related to Plaintiff's exempt status or any alleged overtime hours, the Parties agreed to a negotiated settlement of all Plaintiff's claims against Defendant, including Plaintiff's wage and retaliation claims against Defendants under the FLSA. The Parties agreed upon the monetary and material non-monetary terms of the Agreement, including a general release, a non-disparagement clause, and other provisions, which are supported by additional consideration.

As reflected in the Settlement Agreement and General Release attached hereto as **Exhibit A**, the settlement amount to be paid to Plaintiff includes an amount for back wages, liquidated/other damages equal to the amount paid for back wages, a separately negotiated sum for Plaintiff's attorneys' fees and costs, and substantial additional consideration (beyond that which is attributed to

resolve the FLSA claims). The FLSA Settlement Agreement does not contain a modification clause or any other provision which would allow the Parties to modify their agreement after it has been approved by the Court. Further, while this matter involves a bona fide dispute as to whether and to what extent Plaintiff is entitled to damages, as demonstrated above, the terms of the Settlement Agreement were reached following weeks of negotiation by experienced counsel. The Settlement Agreement terms reflect the serious consideration of the information exchanged during settlement discussions and the Parties' recognition of the risks and costs of litigation.

In addition, the general release and non-disparagement provisions in the Settlement Agreement are supported by adequate additional consideration. Specifically, Plaintiff will be paid $500 of additional consideration to support the general release in the Settlement Agreement outside of the FLSA claims. The Parties are not aware of any other claims Plaintiff had against Defendants at the time the Settlement Agreement was signed and agree that resolving Plaintiff's FLSA claims in accordance with the Settlement Agreement makes sense for all concerned. Based on the information provided and discussions with her counsel, Plaintiff agrees this settlement is a fair and reasonable resolution of a bona fide dispute under the FLSA. Pursuant to the Agreement, Plaintiff will receive compensation for a fair and reasonable number of hours

she claims for alleged overtime compensation, an equal sum of liquidated/non-wages damages, and attorneys' fees and costs. Plaintiff also acknowledges that under the terms of the Agreement, Defendants is paying her *substantial additional consideration* –i.e., payment that exceeds any amount she could be owed for her FLSA claims—in exchange for Plaintiff's agreement to certain terms, including a general release of claims against Defendants and a non-disparagement provision.

The Parties agree that resolving Plaintiff's wage claims in accordance with the Agreement makes sense for all concerned. The Parties therefore respectfully request this Court to approve their settlement.

## MEMORANDUM OF LAW

In the Eleventh Circuit, the compromise of an FLSA claim generally must either be supervised by the Secretary of Labor or approved by the district court. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). In order to approve the settlement, a court must determine that the compromise is a fair and reasonable resolution of a bona fide dispute under the FLSA. *Id.* at 1354. If the settlement is fair and reasonable, the court should approve the settlement in order to promote the policy of encouraging settlement of litigation. *Id.* The terms of the Parties' settlements in this case comply with the spirit of *Lynn's Food Stores, Inc.*

In considering FLSA settlements, Florida district courts consider the following factors: (i) the existence of fraud or collusion behind the settlement; (ii) the complexity and duration of the litigation; (iii) the stage of the proceedings; (iv) the probability of plaintiff's success; (v) the range of possible recovery; and (vi) the opinions of counsel. *See, e.g.*, *Seda v. All Fla. Appliance & A/C, Inc.*, 2015 U.S. Dist. LEXIS 75787, at *3 (M.D. Fla. June 4, 2015) (citing cases), *report and recommendation adopted by*, 2015 U.S. Dist. LEXIS 75791 (M.D. Fla. June 11, 2015). "This list is not exhaustive nor does it appear that the Court has to consider one factor more important than the other." *Id.*

Further, generally, "courts in this district have agreed":

> [I]f the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claim; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

*Davis v. Staramba Corp.*, 2016 U.S. Dist. LEXIS 62347, at *4-5 (M.D. Fla. Apr. 19, 2016), *report and recommendation adopted by*, 2016 U.S. Dist. LEXIS 62348

(M.D. Fla. May 11, 2016); *see also Nedd v. Windhaven Ins. Co.,* 2017 U.S. Dist. LEXIS 181136, at *3 & n.2 (M.D. Fla. Oct. 30, 2017) (Sansone, M.J.), *report and recommendation adopted by*, 2017 U.S. Dist. LEXIS 180763 (M.D. Fla., Nov. 1, 2017) (noting that when "plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.") (quoting *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) (internal quotation marks omitted)).

Here, the parties engaged in settlement discussions prior to incurring the expense of significant discovery. Plaintiff, through her counsel, negotiated a settlement of her wage claims against Defendants that are satisfactory to both Parties. The undersigned counsel, who are experienced in wage and hour matters, view the settlement agreed upon as a good outcome for both Parties. The Parties' settlement was reached only after careful consideration the facts, evidence, and law put forth by each party during settlement discussions, and after consultation with their respective counsel. Moreover, the attorneys' fees and costs that Defendants will pay on behalf of Plaintiff are reasonable, the

8

amount was negotiated separately from the amounts to be paid to Plaintiff, and the amount was agreed upon without regard to the amounts paid to Plaintiff. In addition, the general release, non-disparagement, and other provisions of the settlement agreement are supported by substantial additional consideration, and the parties believes such provisions are material terms to the agreement. Courts in this District have approved general releases and non-disparagement clauses where a plaintiff receives adequate, additional consideration in exchange, even when the plaintiff compromise their FLSA claims. *See Walker v. Kirkman Mgmt.*, 2022 WL 1037369 at *4-*5 (M.D. Fla. April 6, 2022)(noting additional consideration of $100 or $250 were sufficient to support a general release in FLSA cases) (citations omitted); *Amaral v. U.S. Sec. Assoc.*, 2019 WL 3767029 at *3 (M.D. Fla. August 2, 2019)(when additional consideration is paid to plaintiffs, courts will generally allow the inclusion of non-disparagement clauses and approving a non-disparagement agreement when plaintiff received an additional $100), *report and recommendation adopted*, 2019 WL 3772789 (M.D. Fla. August 9, 2019)(citations omitted).  Ultimately, the Parties decided that it is in their respective best interests to resolve this matter early through settlement rather than to proceed through protracted and costly litigation.

While the Parties have reached a settlement of all Plaintiff's claims, there has been no fraud or collusion in the settlement of Plaintiff's wage claims or any

9

of Plaintiff's other claims. The settlement of Plaintiff's wage claims was not contingent on Plaintiff's agreement to settle any of her other claims. Based upon the above, the FLSA settlement reached in this matter reflects "a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching." *Davis*, 2016 U.S. Dist. LEXIS 62347, at *4 (internal quotation marks omitted) (quoting *DeGraff v. SMA Behavioral Health Servs, Inc.*, 945 F. Supp. 2d 1324, 1329 (M.D. Fla. 2013)). The Parties respectfully submit that their settlement should be approved and this matter be dismissed, with prejudice.

## CONCLUSION

In light of the contested issues presented in this case and the potentially protracted and expensive litigation that lies ahead, the settlement terms represent a fair and equitable resolution of Plaintiff's FLSA claims. The Parties therefore respectfully request that the Court enter an order: (1) approving the terms of the settlement of Plaintiff's FLSA claims; (2) dismissing this matter with prejudice; and (3) granting such further relief as the Court deems just.

DATED this 24th of June, 2022.

| *s/Zandro E. Palma* | *s/Natalie J. Storch* |
|---|---|
| Zandro E. Palma<br>FL Bar No: 0024031<br>ZANDRO E. PALMA, P.A.<br>9100 S. Dadeland Blvd.<br>Suite 1500<br>Miami, FL 33156<br>Telephone: (305) 446-1500<br>Facsimile: (305) 446-1502<br>Email: zep@thepalmalawgroup.com<br><br>**Attorneys for Plaintiff** | Kimberly J. Doud<br>Florida Bar No.: 0523771<br>Natalie J. Storch<br>Florida Bar No.: 0269920<br>LITTLER MENDELSON, P.C.<br>111 North Orange Avenue, Suite 1750<br>Orlando, Florida 32801<br>Telephone: (407) 393-2900<br>Facsimile: (407) 393-2929<br>Email: kdoud@littler.com<br>Email: njstorch@littler.com<br><br>**Attorneys for Defendants** |

4871-7367-8886.1 / 115858-1001